UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No.  21-CV-81467-AMC/BER

MARAIST LAW FIRM, P.A., and
PATRICK MARAIST, ESQ.,

Plaintiffs,

v.

HON. HOWARD COATES,
HON. CYMONIE ROWE,
15TH JUDICIAL CIRCUIT,
ALAN ROSE, ESQ.
ROBERT ABRUZZO,
NANTUCKET ENTERPRISES, INC.,
TIMOTHY SCHULZ, ESQ.
PALM BEACH FLORIDA HOTEL AND
OFFICE BUILDING LP, and
ASHFORD TRS, LESSEEE II, LLC,

Defendants.

_____/

## REPORT AND RECOMMENDATION ON MOTION FOR RULE 11 SANCTIONS [ECF No. 110]

### I.     PROCEDURAL HISTORY[1]

Beginning in 2008, Plaintiffs Patrick Maraist, Esq. and Maraist Law Firm,

P.A. (collectively "Maraist") represented Nantucket Enterprises, Inc. ("Nantucket"),

in a landlord tenant litigation (the "2008 Case") against Palm Beach Hotel and Office

---

[1] Unless otherwise noted, this recitation of the procedural history is based on the Background section of Judge Cannon's Order Granting State Defendants' Motion to Dismiss.  ECF No. 115.

Building LP ("PB Hotel") and Ashford TRS Lessee II, LLC ("Ashford") in the 15th Judicial Circuit in and for Palm Beach County, Florida.  In 2013, Nantucket retained Alan Rose, Esq., to represent it at the trial against PB Hotel.  Nantucket prevailed at the trial.  It then moved for prevailing party attorneys' fees.

During the subsequent fee litigation, Maraist resisted turning over its unredacted billing records.  On September 27, 2019, Judge Cymonie Rowe of the 15th Judicial Circuit ordered Maraist Law Firm to produce unredacted billing records to PB Hotel and Ashford.  ECF No. 16-2.  Maraist Law Firm appealed that order, but then dismissed its appeal after Judge Rowe recused herself.

After two other judges affirmed Judge Rowe's production order and the Fourth District Court of Appeal dismissed the appeal, the 2008 Case was reassigned to Judge Howard Coates in 2021.  He subsequently found Maraist Law Firm in civil contempt, ordered immediate production of the unredacted billing records, and imposed a coercive sanction of $1,000 per day.  Maraist Law Firm appealed the contempt order; the appeal was denied.

By August 18, 2021, Maraist Law Firm still had not complied with the production order.  On that date, Judge Coates ordered Maraist Law Firm to pay the accrued sanction of $75,000.  When Maraist Law Firm failed to comply, on August 22, 2021, Judge Coates entered a final judgment for $75,000 against Maraist Law Firm and jointly in favor of Nantucket, PB Hotel, and Ashford.  ECF No. 16-6. Maraist Law Firm appealed the final judgment.  That appeal is pending in the Fourth District Court of Appeal.

Maraist filed this federal lawsuit on August 20, 2021 – after Judge Coates' order to pay the $75,000 accrued civil contempt sanction but before entry of a final judgment in that amount.  ECF No. 1.  The original complaint alleged six causes of action arising under the Americans with Disabilities Act, the Rehabilitation Act, and 42 U.S.C. § 1983.  The named defendants were Judge Coates, Judge Rowe, and the 15th Judicial Circuit Court in and for Palm Beach County, Florida.  *Id.*

On August 23, 2021, Maraist filed a Rule 67 Motion For Leave To Deposit Into Court And To Stay Execution on the Funds Until Further Order of Court.  ECF No. 15.  On September 9, 2021, Maraist withdrew his Rule 67 Motion.  ECF No. 17.  Nevertheless, on September 28, 2021, he submitted into the registry of this Court a check for $83,500 and a thumb drive purportedly containing unredacted copies of his billing records from the 2008 Case. ECF Nos. 24, 25.[2]

A week later, on October 5, Maraist filed an Amended Complaint, ECF No. 28, and a Corrected Amended Complaint.  ECF No. 29.  The Corrected Amended Complaint named nine defendants – Judges Coates and Rowe, the 15th Judicial Circuit Court, Mr. Rose, Timothy Schulz, Esq. (counsel for PB Hotel and Ashford), Nantucket, Nantucket's owner (Robert Abruzzo), PB Hotel, and Ashford. ECF No. 29.  As relevant here, newly-added Count VII asserted a claim for interpleader under 28 U.S.C. § 1335 against Mr. Rose, Mr. Abruzzo, Nantucket, Mr. Schulz, PB Hotel, and

---

[2] According to the Corrected Amended Complaint, the $83,500 amount "consist[ed] of $81,000.00 for daily fines damages and $2,500.00 as an additional amount to cover alleged fees to the corporate Defendants."  ECF No. 29 ¶806(A).

Ashford.  It was the only count of the Corrected Amended Complaint that named Mr. Rose and Mr. Schulz.

Clearly, one of Maraist's purposes in filing Count VII was to seek a preliminary injunction, under 28 U.S.C. § 2361, against further enforcement of Judge Coates' contempt order.   As Judge Cannon noted, the relief requested was "an order restraining 'any collection or execution efforts by any Defendant or any other person in the 2008 Action on the interplead monies and property,' and ordering the Clerk to release the interplead items to Plaintiff Maraist."  ECF No. 116 at 9 (quoting ECF No. 29 at 234).   On November 23, 2021, Maraist filed an expedited motion for restraining order under 28 U.S.C. § 2361.  ECF No. 84.  On November 30, 2021, Judge Cannon denied the preliminary injunction request.   ECF No. 88.  Three days later, Maraist filed a voluntary dismissal of Count VII as moot, asking to have the interplead assets returned to him. ECF No. 92.  In the voluntary dismissal motion, Maraist represented that it had "delivered to the Non State Defendants the confidential daily time sheets . . . in the same format as interplead in this Federal Action, with the sole addition of bates stamping by Plaintiffs' counsel in the 2008 state proceeding."  *Id.* at 2.  Maraist immediately withdrew the voluntary dismissal in favor of a Motion for Reconsideration.  ECF No. 93 (citing ECF No. 89).  In this latter pleading, Maraist asserted "the Interpleader Action is not moot."  *Id.* at 2.  On December 6, 2021, Judge Cannon denied reconsideration.  ECF No. 95.

Also on December 6, 2021, Mr. Rose, Mr. Abruzzo, Nantucket, Mr. Schulz, PB Hotel, and Ashford ("Movants") served their Joint Motion for Sanctions Pursuant To

Rule 11 (the "Rule 11 Motion") on Maraist.  ECF No. 110 at 13.

On December 13 and 14, all Defendants moved to dismiss the claims against them.  ECF Nos. 102, 104.  On February 18, 2022, Judge Cannon dismissed the claims against Judge Coates, Judge Rowe, and the 15th Judicial Circuit with prejudice, without reaching the merits of Maraist's claims.  ECF No. 115.  On February 22, 2022, Judge Cannon dismissed the remaining claims with prejudice.  ECF No. 116.

In dismissing Count VII, Judge Cannon found that interpleader was inappropriate because "there are not multiple adverse claimants individually making a claim for the interpled items."  ECF No. 116 at 10.  She further noted, "Instead, it appears that Plaintiffs have deposited items into the Court registry to avoid contempt proceedings in the state court action.  'It was not a purpose of the statute that interpleader be used for forum shopping[,] . . .  and when an interpleader action is brought in bad faith it must be dismissed.' "  *Id.* at 11 (quoting *Indianapolis Colts v. Mayor & City Council of Baltimore,* 733 F.2d 484, 486–87 (7th Cir. 1984) (ellipses and bracket in ECF No. 116)).

On February 28, 2022, Judge Cannon entered a Final Judgment in favor of all Defendants.  ECF No. 119.  She denied Maraist's motions to reconsider her dismissal orders.  ECF No. 124.  Maraist filed a timely Notice of Appeal.  ECF No. 130.  His appeal is pending in the Eleventh Circuit.

On January 10, 2022, while the Motions to Dismiss were pending before Judge Cannon, Movants moved for Rule 11 sanctions against Maraist based on Count VII of the Corrected Amended Complaint.  ECF No. 110.  Maraist responded to the Rule

11 Motion.  ECF No. 113.  The Movants replied.  ECF No. 114.  Judge Cannon referred the Rule 11 Motion to me for a Report and Recommendation.  ECF No. 118.

## II.    RECUSAL

Before turning to the merits, I first address, on my own initiative, whether two facts should convince me to recuse myself.  First, in 2018, my spouse was appointed to the 15th Judicial Circuit; since her appointment, she has sat in the juvenile division. She has never been assigned to the 2008 Case.  Judge Rowe now also sits in the juvenile division.  Second, Judge Coates and I were partners in a firm of over 100 lawyers between 2011 and 2015.

Title 28, United States Code, Section 455 requires a Magistrate Judge to recuse himself "in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a).  It also requires recusal if "he has a personal bias or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding."  28 U.S.C. § 455(b)(1).  The applicable legal standard is whether "an objective, fully informed lay observer would entertain significant doubt about the judge's impartiality."  *Christo v. Padgett,* 223 F.3d 1324, 1333 (11th Cir. 2000).

Neither Judge Coates nor Judge Rowe nor the 15th Judicial Circuit remain defendants in this case.  None of them are parties in interest in the pending sanctions motion.  None were named as defendants in Count VII, which is the sole basis for the requested Rule 11 sanctions.  I have not spoken to any judge on the 15th Judicial Circuit about this case, nor do I have any knowledge about the case other than what is in the Court record.  My wife has not been involved in any aspect of the state court

litigation.  I have no personal bias for, or against, any party to this motion.  I do not know Mr. Maraist or Mr. Schulz.  I know Mr. Rose through bar association and related professional organizations but we do not otherwise have a social relationship.

Taking all of these factors into account, I find that an objective, fully informed lay observer would not entertain significant doubt about my impartiality.  For that reason, I do not recuse myself.

## III.   LEGAL PRINCIPLES

"Rule 11 sanctions are proper (1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on a legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (citation omitted). The goal of Rule 11 sanctions is to reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers. *Massengale v. Ray*, 267 F.3d 1298, 1302 (11th Cir. 2001). Sanctions also can be imposed if the attorney failed to make a reasonable inquiry, irrespective of a good faith belief that the claims were sound. *Id*.

"The party requesting sanctions bears a heavy burden of demonstrating that sanctions are warranted, with all doubts resolved in the non-movant's favor." *Pharma Supply, Inc. v. Stein*, No. 14-80374-CIV, 2015 WL 11439276, at *1 (S.D. Fla. May 27, 2015) (J. Cohn). "In assessing the propriety of Rule 11 sanctions, this Court asks: (1) whether the party's claims are objectively frivolous, and (2) whether the person who

signed the pleadings should have been aware that they were frivolous." *Peer v. Lewis,* 606 F.3d 1306, 1311 (11th Cir. 2020) (internal quotation marks and citation omitted). Ultimately, Rule 11 asks whether the conduct was reasonable under the circumstances, based on the facts at the point in time when the pleading was filed. *A.L. v. Jackson Cty. Sch. Bd.*, 652 F. App'x 795, 797 (11th Cir. 2016) (citing *Baker v. Alderman*, 158 F.3d 516, 524 (11th Cir. 1998)).

Count VII asserted a statutory interpleader claim under 28 U.S.C. § 1335. As the Eleventh Circuit has explained:

> Interpleader allows a party who holds money claimed by multiple adverse claimants "[to] avoid[ ] multiple liability by asking the court to determine the asset's rightful owner.*" In re Mandalay Shores Co-op. Hous. Ass'n, Inc.,* 21 F.3d 380, 383 (11th Cir. 1994). The party holding the funds "typically claims no interest in [the] asset and does not know the asset's rightful owner." Id. A plaintiff can initiate a statutory interpleader action when two or more adverse claimants of diverse citizenship assert claims to funds worth $500 or more, and the plaintiff deposits the funds with the court. 28 U.S.C. § 1335. The court can entertain a interpleader action even if the plaintiff does not deposit the full amount claimed, so long as "the full amount of the specific 'fund' " in dispute is deposited with the court. *Murphy v. Travelers Ins. Co.,* 534 F.2d 1155, 1159 n.2 (5th Cir. 1976).1 Once the plaintiff deposits the funds with the court, "all legal obligations to the [ ] claimants are satisfied," and the court enters "a discharge judgment on behalf of the [plaintiff]." *In re Mandalay Shores,* 21 F.3d at 383; see 28 U.S.C. § 2361. The district court also has the authority to enter a permanent injunction to restrain all claimants from instituting any proceeding against the interpleader plaintiff concerning the res of the interpleader action. 28 U.S.C. § 2361; *see also State Farm Fire & Cas. Co. v. Tashire,* 386 U.S. 523, 534, 87 S.Ct. 1199, 18 L.Ed.2d 270 (1967) (noting the purpose of enjoining suits under § 2361 is to protect the interpleader plaintiff from "vexatious and multiple litigation").

*McBride v. McMillian,* 679 Fed. Appx. 869, 871–72 (11ᵗʰ Cir. 2017). One of the requirements "to maintain an interpleader action is the existence of a single, specific,

or identifiable res (e.g., money, property, 'stake,' or 'fund')." *Coopers & Lybrand, L.L.P. v. Michaels*, No. 94-CV-5643 (RJD), 1995 WL 860760, at *8 (E.D.N.Y. Oct. 31, 1995).  Because a res is required, interpleader is appropriate only where multiple claimants assert rights to an identifiable asset.  "An inchoate, uncertain claim for attorney's fees or chose in action asserted against the general assets of a party rather than specific, identifiable 'property' is not a proper subject for interpleader relief." *Murphy v. Travelers Ins. Co.,* 534 F.2d 1155, 1159 (5th Cir. 1976).  "In short, open-ended claims made against the general assets of a party cannot constitute a res for the purposes of interpleader because a plaintiff's unlimited potential liability on legally distinct damage claims is simply not a single, specific, or identifiable fund within [the interpleader's] possession or custody." *Coopers & Lybrand, L.L.P.,* 1995 WL 860760, at *8.

## IV.    DISCUSSION

Movants argue that Count VII is frivolous because the necessary preconditions for interpleader do not exist and no reasonably competent attorney could have concluded that they did exist.  Maraist responds that, at worst, its actions were minor or inconsequential, and that it conducted proper diligence before filing and persisting in Count VII.

I agree that Count VII was objectively frivolous.  First, there was no adequate identifiable financial res to support an interpleader action against any of the Movants.  *See* ECF No. 110 ¶ 57. By virtue of Judge Coates' contempt orders, Nantucket, PB Hotel, and Ashford were unsecured judgment creditors of Maraist

Law Firm.  An unsecured claim cannot be the basis for interpleader.

Second, to the extent claims were being asserted against the billing records of Maraist Law Firm, those claims were moot on or before December 3, when copies of the records were provided to the parties to the 2008 Case.  *See Id.* ¶ 64. Moreover, given that the billing records could be copied and provided to opposing counsel without depriving Maraist of them, it is highly questionable that they form the kind of asset that can be the res for an interpleader action.  Persisting in this claim was frivolous and violated Rule 11 as to all Movants.

Third, Mr. Rose, Mr. Schulz, and Mr. Abbruzo had not asserted any legal claims against either Mr. Maraist or Maraist Law Firm; nor had they asserted, in their individual capacities, an interest in the $83,500 or the billing records.  *See* ECF No. 114 at 2 ("The lawyers and Nantucket's President have no judgment against Maraist Law, and have never staked any claim to the interplead funds.").  Mr. Rose and Mr. Schulz were acting solely as legal representatives of their clients.  Mr. Abbruzo had no individual interest in the litigation, although his entity did.  In sum, Maraist lacked adequate legal and factual support to name Mr. Rose, Mr. Schulz, and Mr. Abbruzo as individual defendants in Count VII or to persist in claims against them.

The parties dispute the significance of whether Maraist was a disinterested third party without a claim to the interplead assets.  *Compare* ECF No. 113 ("long standing federal statutory and Supreme Court precedent [hold] that the Party initiating the Action may claim interest of the money or property.") (citing *Texas v.*

*Florda,* 306 U.S. 398 (1939)) *with* ECF No. 114 at 4–5. The Corrected Amended Complaint makes clear that Mr. Maraist was asserting a claim to the funds and the Maraist Law Firm was asserting a claim to the billing records. It states, "Plaintiff Maraist is entitled to all of the funds interplead, with interest, and Plaintiff Maraist Law is entitled to the thumb drive interplead." ECF No. 29 ¶ 817; *id.* ¶ 807 ("This interpleader action is raised in equity to prevent further injury and to mitigate damages to Plaintiffs and to allow this court to determine the rights, entitlements, obligations and disbursement of the September 28, 2021 deposits and to resolve the competing claims and asserted entitlement to same, *including by each Plaintiff.*") (emphasis added); *id.* ¶806(A) (Plaintiffs "maintain entitlement and competing interests" in the interplead assets); *id.* ¶ 813 ("both Plaintiff Maraist and Maraist Law have been caused to interplead on September 27, 2021, and *both claim entitlement to* the funds and related property/information interplead.") (emphasis added); *id.* ¶814 ("Plaintiffs claim interest in the funds and property."). Because I find Count VII frivolous for other independent reasons, I need not resolve whether Maraist's claim to the interplead assets, on its own, precluded an interpleader action and therefore made Count VII frivolous.

I further find that Maraist should have been aware that Count VII was frivolous. Maraist argues that it conducted proper diligence before filing the interpleader cause of action. ECF No. 113 at 5–6. It provides no evidence to support this assertion. The pleading is not verified. No sworn affidavits or declarations are appended to it. As discussed above, the requirements of an identifiable res and an

actual claim by the named defendants to the interplead assets are hornbook law principles that apply to interpleader claims. A reasonably diligent researcher would have uncovered these principles and realized that they precluded interpleading the funds and thumb drive in this case.

For all these reasons, I find that Rule 11 sanctions are appropriate. Movants ask that the sanction be reimbursement for "reasonable costs and attorney's fees for having to file and pursue [their Rule 11] Motion." ECF No. 110 at 12.[3] I do not, at this time, resolve the amount of these costs and fees. Should Judge Cannon adopt the recommendation that Rule 11 sanctions are warranted, Movants shall, within 21 days of her Order, file a supplemental pleading identifying the amount of reasonable costs and fees incurred in litigating this Rule 11 Motion. Maraist shall respond in accordance with the time limits in Local Rule 7.1(c).

## RECOMMENDATION

WHEREFORE, the undersigned **RECOMMENDS** that Movant's Motion for Rule 11 Sanctions (ECF No. 110) be **GRANTED,** but that a determination of the amount of sanctions be held in abeyance until further Order of the District Court.

---

[3] I note that Nantucket has separately moved for an award of attorneys' fees, which includes fees attributable to the Rule 11 Motion. *See* ECF No. 127-1 at 12–16. Movants (including Nantucket) may only recover the Rule 11 related fees once.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THEY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**DONE** and **SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 6th day of July 2022.

_____
BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE