UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case Number: 21-cv-81467-CANNON/REINHART

MARAIST LAW FIRM, P.A. and
PATRICK MARAIST, ESQ.,

        Plaintiffs,

v.


HON. HOWARD COATES,
HON. CYMONIE ROWE,
15TH JUDICIAL CIRCUIT,
ALAN ROSE, ESQ.
ROBERT ABRUZZO,
NANTUCKET ENTERPRISES, INC.,
TIMOTHY SCHULZ, ESQ.
PALM BEACH FLORIDA HOTEL AND
OFFICE BUILDING LP, and
ASHFORD TRS LESSEE II, LLC,

        Defendants.

_____

**REPORT AND RECOMENDATION ON DEFENDANT
NANTUCKET ENTERPRISES, INC.'S VERIFIED MOTION FOR
AWARD OF COSTS AND ATTORNEYS' FEES (ECF NO. 127)**

      Defendant Nantucket Enterprises, Inc. ("Nantucket") moves for an award of

attorneys' fees and costs for prevailing on four conspiracy claims and one interpleader

claim by Plaintiff Maraist Law Firm, P.A. (the "Motion"). ECF No. 127. The Motion

was referred to me by the Hon. Aileen M. Cannon. ECF No. 128. I have reviewed the

Motion (ECF No. 127), Maraist Law Firm's Response (ECF No. 132), and Nantucket's

Reply (ECF No. 133). For the reasons stated herein, it is **RECOMMENDED** that the

Motion be **GRANTED in part and DENIED in part.**

## PROCEDURAL BACKGROUND

The Court assumes the parties' familiarity with the facts in this case. For purposes of the Motion, the Court recounts the relevant procedural background. Plaintiff Maraist Law Firm, P.A. ("Maraist Law") represented Nantucket in a landlord tenant litigation initiated in 2008 against Palm Beach Hotel and Office Building LP ("PB Hotel") and Ashford TRS Lessee II, LLC ("Ashford") in the 15th Judicial Circuit in and for Palm Beach County, Florida (the "2008 Case"). ECF No. 29, ¶¶ 70-72. In 2013, Nantucket retained Mrachek, Fitzgerald, Rose, Konopka & Dow, P.A. ("Mrachek Law") to represent it in the 2008 Case as co-counsel with Maraist Law. *Id.* at ¶ 73; ECF No. 127-1 at 5-9. Nantucket prevailed at the trial. ECF No. 29, ¶¶ 70, 73. It then moved for prevailing party attorneys' fees against PB Hotel and Ashford. *Id.* at ¶¶ 73, 83.

During the subsequent fee litigation, Maraist Law resisted turning over its unredacted billing records. *Id.* at ¶¶ 97-104. Maraist Law's failure to turn over its unredacted billing records ultimately led to orders compelling Maraist Law to produce the records, Maraist Law being found in civil contempt, the imposition of a coercive financial sanction against Maraist Law, and a $75,000 final judgment against Maraist Law in favor of Nantucket, PB Hotel, and Ashford related to the accrued civil contempt sanction. ECF Nos. 16-1; 16-2; 16-6. Maraist Law subsequently deposited money and a thumb drive in the Southern District of Florida Court Registry based on these state court proceedings and filed a federal interpleader claim. ECF Nos. 24, 25, 29.

2

Marist Law and its President, Patrick Marist ("Marist"), filed this federal lawsuit on August 20, 2021. ECF No. 1. The original named defendants were Judge Cymonie Rowe, Judge Howard Coates, and the 15th Judicial Circuit Court in and for Palm Beach County, Florida ("State Defendants"). *Id.* On October 5, 2021, Marist Law and Marist filed an Amended Complaint, ECF No. 28, and a Corrected Amended Complaint. ECF No. 29. The Corrected Amended Complaint named nine defendants – Judges Coates and Rowe, the 15th Judicial Circuit Court, Alan Rose, Esq. (Nantucket's counsel from Mrachek Law), Timothy Schulz, Esq. (counsel for PB Hotel and Ashford), Nantucket, Nantucket's owner (Robert Abruzzo), PB Hotel, and Ashford. ECF No. 29.[1] As relevant here, Marist Law and Marist asserted five claims against Nantucket: Conspiracy to Abuse Process (Count III), 42 U.S.C. § 1983 ("Section 1983") Conspiracy to Deny Equal Protection (Count IV), Section 1983 Conspiracy to Deprive Substantive Due Process (Count V), Section 1983 Conspiracy to Deprive Procedural Due Process (Count VI), and an action for interpleader under 28 U.S.C. § 1335 (Count VII). ECF No. 29.

On December 13 and 14, all Defendants moved to dismiss the claims against them. ECF Nos. 102, 104. On February 18, 2022, Judge Cannon dismissed the claims against Judge Coates, Judge Rowe, and the 15th Judicial Circuit with prejudice, without reaching the merits of Marist Law and Marist's claims. ECF No. 115. On

---

[1] Mr. Rose, Mr. Schulz, Mr. Abruzzo, Nantucket, PB Hotel, and Ashford are collectively referred to as the "Non-State Defendants".

February 22, 2022, Judge Cannon dismissed the remaining claims with prejudice. ECF No. 116. On February 28, 2022, Judge Cannon entered a Final Judgment in favor of all Defendants and against Maraist Law and Maraist. ECF No. 119. She denied the motions to reconsider her dismissal orders by Maraist Law and Maraist. ECF No. 124. Maraist filed a timely Notice of Appeal. ECF No. 129. His appeal is pending in the Eleventh Circuit.

## **PARTIES' ARGUMENTS**

Nantucket contends that it is entitled to attorneys' fees and expenses pursuant to a prevailing party fee provision in a December 9, 2013, representation agreement among Nantucket, Maraist Law, and Mrachek Law (the "Representation Agreement") (ECF No. 127-1 at 5-9). ECF No. 127 at 3-6. Nantucket's principal argument regarding its entitlement to fees and expenses is that Maraist Law conceded that the Representation Agreement applies to this case because the Corrected Amended Complaint alleged that each of Maraist Law's claims against Nantucket arose under the Representation Agreement.[2] *Id.* at 3-4. Specifically, Nantucket points to paragraph 627 of the Corrected Amended Complaint, which alleges: "Defendants Abruzzo and Nantucket are required to pay to [Maraist Law and Maraist] all fees incurred because this claim arises under the December 2013 and

_____

[2] Because the Motion only seeks fees against Maraist Law, the Court refers to the claims in the Corrected Amended Complaint as Maraist's Law's claims. This reference is not meant to distinguish claims made by Maraist Law and Maraist. The Corrected Amended Complaint asserted all claims on behalf of both plaintiffs.

June 2018 Legal Representation agreements which entitles [Maraist Law and Maraist] to prevailing party fees, costs and expenses."[3] *Id.* at 4.

Nantucket argues that Maraist Law's four conspiracy claims relate to the 2008 Case referenced in the Representation Agreement. *Id.* Nantucket further argues that the interpleader claim relates to the 2008 Case because the thumb drive Maraist Law deposited into the Court Registry contained the fee records Maraist Law was ordered to produce regarding its services performed pursuant to the Representation Agreement and the deposited funds relate to the daily fines and fees imposed against Maraist Law for failure to obey that order. *Id.* at 4-5. Because the Court dismissed Maraist Law's claims and entered Final Judgment in favor of Nantucket for each claim, Nantucket argues it is entitled to its attorneys' fees and costs pursuant to the Representation Agreement as the prevailing party in this case. *Id.* at 2-3.

Maraist Law counters that Nantucket fails to establish that it is entitled to fees and expenses in this action and cannot make a proper legal connection between the Representation Agreement and the fees requested in this litigation. ECF No. 132 at 1, 3-9. Maraist Law next argues that Nantucket has waived and is estopped from asserting entitlement to fees under the Representation Agreement because Nantucket successfully argued in the 2008 Case that the post-judgment fee litigation did not involve Nantucket, but rather involved Maraist Law, PB Hotel, and Ashford.

---

[3] Paragraph 627 is alleged in Count III of the Corrected Amended Complaint and incorporated into each of the counts alleged against Nantucket. *See* ECF No. 29 at ¶ 630 (Count IV), ¶ 699 (Count V), ¶ 743 (Count VI), and ¶ 803 (Count VII).

*Id.* at 4-6. Maraist Law further argues Nantucket disavowed and forfeited its right to pursue a fee recovery from Maraist Law arising from the post-judgment issues in the 2008 Case because: (1) Nantucket entered into a 2014 "Revised" Agreement with Mrachek Law ("2014 Agreement") and (2) Nantucket's President, Mr. Abruzzo, sent Maraist an email in 2015 indicating that Maraist Law was terminated as appellate counsel and would not serve as counsel in the post-judgment trial fee litigation in the 2008 Case. *Id.* at 3-6; ECF No. 132-1 at 6-8. In the alternative, Maraist Law argues that Nantucket may only recover the attorneys' fees it incurred litigating the conspiracy to abuse process claim. ECF No. 132 at 4.

Separately, Maraist Law argues that the Motion should be denied due to Nantucket's failure to comply with Local Rule 7.3. *Id.* at 1-3. Maraist Law argues Nantucket failed to comply with Local Rule 7.3(b) because its draft motion was deficient and thus did not allow for conferral or consideration of a counteroffer. *Id.* at 2. Maraist Law contends Nantucket failed to comply with Local Rule 7.3(a)(5) and (a)(6) because the Motion fails to set forth a basis for entitlement to fees and costs and seeks fees that are not related to this action. *Id.* at 2-3. Finally, Maraist Law argues that Nantucket is not statutorily entitled to fees in this case, disputes that Nantucket paid or incurred a fee obligation to Mrachek Law, and requests discovery and a hearing on the representations made in the Motion and its attachments. *Id.* at 7-8.

In its Reply, Nantucket counters that it complied with the requirements of Local Rule 7.3 because it sent a detailed draft motion to Maraist Law and invited

Maraist Law to confer multiple times. ECF No. 133 at 3. Nantucket argues it was not required to engage in further efforts to confer once Maraist Law stated that conferral would be futile. *Id.* Regarding entitlement, Nantucket argues that the 2014 Agreement that Maraist Law referenced does not destroy Nantucket's entitlement to fees because the Representation Agreement was reaffirmed and ratified by Maraist Law and Nantucket in a January 9, 2015, Addendum. *Id.* at 3-4.

## **DISCUSSION**

i.   Compliance with Local Rule 7.3

Local Rule 7.3(a) outlines the procedure for obtaining an award of attorneys' fees and non-taxable expenses and costs. The rule requires: identification of the judgment or order giving rise to the motion, the grounds for entitlement to the award, and the amount sought; disclosure of the terms of any applicable fee agreement; and identification of the timekeepers and their experiences and qualifications, the number of hours they reasonably expended, a description of their tasks, and their hourly rates. The motion must also be verified, filed by the deadline provided, describe and document the claimed fees and non-taxable expenses with invoices, and contain a certification that a good faith effort to resolve the issues occurred. Local Rule 7.3(b) requires the moving party to send the respondent a draft motion, compliant with Local Rule 7.3(a), at least thirty days prior to the deadline for filing a motion for attorneys' fees and costs. The rule further provides that the respondent must describe in writing and with reasonable particularity each time entry or non-taxable expense to which it objects and provide supporting legal authority.

7

It is undisputed that Nantucket sent Maraist Law a timely draft motion. However, Maraist Law claims the draft motion was not prepared in good faith because it was deficient and therefore did not allow for conferral or consideration of a counteroffer. ECF No. 132 at 2. Maraist Law responded to the draft motion with written objections and states that further conferral was rendered futile. *Id.* Maraist Law's response to the Motion identifies two deficiencies in the draft motion. First, Nantucket failed to provide the experience and qualifications of three of its timekeepers: a paralegal, Ms. Patrice Symons, and two attorneys, Ms. Debra Hanifin and Ms. Dawn Kelly. *Id.* at 11-12. Second, Nantucket failed to deduct time spent on claims that are not recoverable. *Id.* at 14.

Nantucket remedied the first deficiency, in part, by providing the experience and qualifications of Ms. Hanifin and Ms. Kelly in the Motion.[4] ECF No. 127-1 at 29-32. Now that Maraist Law has had an opportunity to review the qualifications of Ms. Hanifin and Ms. Kelly, Maraist Law does not object to their rates if fees are awarded. ECF No. 132 at 12.

Next, Maraist Law argues that Nantucket failed to comply with Local Rule 7.3(a) because the Motion fails to set forth a basis for entitlement to fees or the amount requested. *Id.* at 1-3. However, the Motion identifies the Representation Agreement as Nantucket's basis for entitlement to attorneys' fees and expenses and attaches the Representation Agreement for the Court's consideration. ECF No. 127-1

---

[4] The Motion does not include the experience or qualifications of Ms. Symons.

at 5-9. The Motion also attaches an invoice which details the number of hours expended by Nantucket's timekeepers and a description of the tasks done during those hours. *Id.* at 10-16. The Motion further attaches an affidavit by Mr. Rose which provides the hourly rates claimed for each timekeeper and attaches the biographies of three of Nantucket's four timekeepers. *Id.* at 1-4, 18-32.

"[I]t is within [the] Court's discretion to consider a fee motion where the proponent has not strictly complied with the provisions of Local Rule 7.3." *Thomas v. Broward Cnty. Sherriff's Off.*, No. 19-61324-CIV, 2022 WL 2046918, at *1 (S.D. Fla. June 7, 2022) (J. Dimitrouleas). Given Maraist Law's withdrawal of its objection to the rates of Ms. Hanifin and Ms. Kelly, Nantucket's failure to provide their rates in its draft motion should not lead to the denial of the Motion for failure to comply with the local rules. Additionally, Nantucket's failure to provide Ms. Symons' qualifications should not result in denial of the Motion because the Court can reduce Ms. Symons' hourly rate based on the information submitted. Finally, to the extent Nantucket's billing records include time that was not reasonably expended in this case or time that does not fit within the scope of the Representation Agreement, the Court can reduce Nantucket's fee award as necessary. Accordingly, the Motion should be considered on the merits.

    ii.    <u>Evidentiary Hearing</u>

Maraist Law requests an evidentiary hearing and discovery on Nantucket's representations in the Motion and its attachments. ECF No. 132 at 8. Maraist Law's basis for the request is that it disputes the factual assertions in the Motion and

disputes that Nantucket has paid or incurred a legal fee obligation to Mrachek Law. *Id.* Local Rule 7.1(b) sets forth the requirements for requesting a hearing on a motion and affords the District Court discretion to grant or deny a hearing as requested. Maraist Law fails to detail the reasons why a hearing would be helpful to the Court or otherwise comply with the requirements of Local Rule 7.1(b). Moreover, "[a]s the Supreme Court has explained, '[a] request for attorney's fees should not result in a second major litigation.'" *Menchise v. Akerman Senterfitt*, 532 F.3d 1146, 1153 (11th Cir. 2008 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). "When deciding a motion for attorney's fees, courts rarely reopen discovery, and evidentiary hearings are often unnecessary." *Menchise*, 532 F.3d at 1153. Here, Maraist Law has neither provided legal argument or authority in support of its request for discovery and an evidentiary hearing nor "allege[d] that discovery could produce any evidence that [is] necessary, or even helpful, to the fee determination." *Id.*

To the extent Maraist Law seeks an evidentiary hearing regarding the reasonableness of the fees requested, "the court may use its own knowledge and experience to form an independent judgment with regard to reasonable and proper fees without the aid of witnesses as to value." *Chacon v. El Milagro Care Ctr., Inc.*, No. 07-22835-CIV, 2010 WL 3023833, at *2 (S.D. Fla. July 29, 2010) (J. Simonton) (citing *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1304 (11th Cir. 1988)). Indeed, when "determining the reasonableness of requested attorney's fees, evidentiary hearings are only necessary 'where there [a]re disputes of fact, and where the written record [i]s not sufficiently clear to allow the trial court to resolve the

disputes of fact.'" *Chacon*, 2010 WL 3023833, at *2 (citing *Gonzalez v. J.C. Penney Corp.*, 209 F. App'x 867, 870 (11th Cir. 2006)). Maraist Law has not identified a dispute of fact related to the reasonableness of Nantucket's fees that warrants a hearing or alleged that the written record is not sufficiently clear to allow the Court to resolve such a dispute. Accordingly, Maraist Law's request for a hearing based on the reasonableness of Nantucket's fees should be denied. *See Chacon*, 2010 WL 3023833, at *5.

As to Maraist Law's concern that Nantucket has not incurred a legal fee obligation to Mrachek Law, Maraist Law seeks an evidentiary hearing to determine: (1) whether Nantucket has paid the invoice attached to the Motion and (2) whether a third party is responsible for paying Nantucket's attorneys' fees and costs. ECF No. 132 at 8, 13. Maraist Law seeks to inquire whether a third party is responsible for paying Nantucket's attorneys' fees and costs because it claims the address on the invoice submitted by Nantucket allegedly corresponds to the address of Nantucket's former landlord and adversary PBG Embassy Suites, Palm Beach Hotel.[5] ECF No. 132-1 at 4. Maraist Law claims the address on the invoice suggests that Nantucket's former landlord is paying Mrachek Law and that Nantucket is not indebted to Mrachek Law for its attorneys' fees and costs. *Id.*

---

[5] Maraist Law claims Nantucket was "locked out/wrongfully evicted" from that address in 2008. ECF No. 132-1 at 4.

Regarding the first issue, whether Nantucket has already paid Mrachek Law for its attorneys' fees and costs is not relevant to Nantucket's entitlement to fees in this action. Thus, Maraist Law is not entitled to an evidentiary hearing to determine whether Nantucket has paid Mrachek Law for its services. As for the second issue, Maraist Law's suspicion regarding the address on the invoice is speculative and does not entitle it to an evidentiary hearing. Even if the invoice was mailed to a third-party's address, that fact does not reasonably suggest that Nantucket has not incurred a legal fee obligation to Mrachek Law. Indeed, the record contains undisputed evidence that "Nantucket agreed to pay Mrachek Law a reasonable fee for its services in this action." ECF No. 127-1 at 2. Accordingly, Maraist Law has not raised a material dispute of fact that would necessitate discovery and an evidentiary hearing; thus, its request should be denied.

    iii.   <u>Entitlement to Fees and Costs</u>

Generally speaking, in American litigation each party in a lawsuit bears its own attorneys' fees. *See Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Hum. Res.*, 532 U.S. 598, 602 (2001) (citing *Alyeska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 247 (1975)). However, there are statutory and contractual exceptions. Under Florida law, attorneys' fees may be awarded to the prevailing party pursuant to a contractual agreement authorizing their recovery. *Price v. Tyler*, 890 So. 2d 246, 250 (Fla. 2004). The party seeking attorneys' fees has the burden of establishing entitlement. *See Celera Telecom Ltd. v. LDI Networks, Inc.*, No. 21-20324-CIV, 2022 WL 2341156, at *2 (S.D. Fla. May 2, 2022) (J. Goodman),

*report and recommendation adopted*, 2022 WL 4448311 (S.D. Fla. Sept. 23, 2022) (J. Scola). The Court does not have discretion to decline to enforce a contractual provision awarding attorneys' fees. *Brickell Bay Club Condo. Ass'n, Inc. v. Forte*, 397 So. 2d 959, 960 (Fla. 3d DCA 1981).

"Because the right to attorney's fees must be found in a contract or statute, the specific text of the contractual or statutory provision granting the right is critical.'" *Fla. Med. Ctr., Inc. v. McCoy*, 657 So. 2d 1248, 1250 (Fla. 4th DCA 1995). Here, the Representation Agreement contains a section titled "Procedure for Dispute Resolution" which states:

> This Agreement shall be construed and enforced pursuant to the laws of the State of Florida, both substantive and procedural. In the event of litigation, the prevailing party shall be entitled to recover its reasonable costs and attorneys' fees expended in connection with such dispute from the non-prevailing party, both at the trial and appellate levels.

ECF No. 127-1 at 8.

The threshold issue is whether the Representation Agreement's attorneys' fees provision applies to this case. The fees provision is broad. The provision does not limit its scope to breach of contract actions or actions which are connected to or arise out of the Representation Agreement. However, under Florida law, agreements must be interpreted in a manner that is reasonable to accomplish the intent and purpose of the parties. *James v. Gulf Life Ins. Co.*, 66 So. 2d 62, 62-63 (Fla. 1953). Moreover, an isolated sentence should not be construed alone, but should be construed in connection with other provisions to reach a reasonable construction. *Id.* at 62.

Reviewing the Representation Agreement as a whole, the parties likely intended the attorneys' fees provision to apply to disputes related to, or at least connected to, the Representation Agreement.

Nantucket argues that this case is related to the Representation Agreement because Maraist Law specifically referenced the agreement in the Corrected Amended Complaint and sought damages and prevailing party fees under the agreement. ECF No. 133 at 2. Additionally, the Motion explains that each claim Maraist Law pursued against Nantucket relates to the 2008 Case referenced in the Representation Agreement. ECF No. 127 at 4.

Maraist Law claims that the Representation Agreement is not related to this action but fails to argue or otherwise explain why the Representation Agreement does not apply. Other than Maraist Law's conclusory statement that Nantucket cannot make a connection between this case and the Representation Agreement, Maraist Law does not explain why such a connection does not exist. Instead, the bulk of Maraist Law's response attempts to re-litigate the issues alleged in the Corrected Amended Complaint. *See e.g.* ECF No. 132 at 4-7 (detailing certain disputes between Nantucket and Maraist Law in the 2008 Case including whether Maraist Law produced the appropriate fee records in that case). "It is axiomatic that arguments not supported and properly developed are deemed waived." *Beres v. Daily J. Corp.*, No. 22-CV-60123, 2022 WL 805733, at *6 n.6 (S.D. Fla. Mar. 8, 2022) (J. Dimitrouleas). "When parties do not fully develop their arguments and support them with citation to legal authority, the burden upon the Court is improperly increased."

*Id.* (citing *Hewlett-Packard Co. v. CP Transp. LLC*, No. 12-21258-Civ, 2012 WL 4795766, at *2 (S.D. Fla. Oct. 9, 2012) (J. Turnoff)). "Thus, '[i]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived.'" *Beres*, 2022 WL 805733, at *6 n.6 (quoting *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997)).

A comprehensive review of the Representation Agreement suggests that this case is connected to the agreement. For example, the initial paragraph of the agreement explicitly references the 2008 Case which led to Maraist Law's claims. ECF No. 127-1 at 5. The opening paragraph also explains that Mrachek Law and Maraist Law will represent Nantucket "in pursuing its claims against [PB Hotel], [Ashford], and any other appropriate parties arising out of the legal representation of [Nantucket], or its affiliates, and any other matters [Mrachek Law and Maraist Law] may be instructed from time to time to pursue." *Id.* In addition, the section which immediately precedes the fees provision at issue explains that Nantucket may be entitled to seek an award of its attorneys' fees in the 2008 Case from PB Hotel and Ashford.[6] *Id.* at 8. Nantucket's right to recover its attorneys' fees from PB Hotel and Ashford, and the post-judgment fee litigation that accompanied that right, was the

---

[6] The Right to Recover Attorneys' Fees section of the Representation Agreement entitles Mrachek Law and Maraist Law to receive, as compensation for their services, the greater of: (a) the amount called for under the Representation Agreement or (b) the court awarded fees recovered from PB Hotel and Ashford. ECF No. 127-1 at 8.

very impetus for Maraist Law's suit against Nantucket. Thus, the Representation Agreement is, at a minimum, connected to Maraist Law's claims in this case.

The Corrected Amended Complaint also evinces the connection between Maraist Law's claims and the Representation Agreement. Indeed, the Corrected Amended Complaint plainly states that this action arises under the Representation Agreement.[7] ECF No. 29, ¶¶ 627, 630, 699, 743, 803. Additionally, the Corrected Amended Complaint discusses the 2008 Case proceedings and Nantucket's alleged actions during its pursuit of its attorneys' fees in that case as support for Maraist Law's conspiracy and interpleader claims. *See e.g. Id.* at ¶¶ 90-122, 584, 679, 715, 752-53, 810-15.[8] The Corrected Amended Complaint also cites the Representation Agreement for various other purposes. For example, Maraist Law claimed that the Representation Agreement, in conjunction with Nantucket's entitlement to fees in the 2008 Case, entitled Maraist Law to special damages and motivated Nantucket to engage in the conspiracies alleged.[9] *Id.* at ¶¶ 622-23, 630, 699, 743, 803. Accordingly, the Corrected Amended Complaint also evinces a connection between Maraist Law's claims against Nantucket and the Representation Agreement.

––––––––––––––––––––

[7] While this allegation is not dispositive on the issue of entitlement, Maraist Law's demand for fees pursuant to the agreement evinces the connection between the Representation Agreement and Maraist Law's claims against Nantucket.

[8] Paragraphs 90 through 122 are incorporated into each count of the Corrected Amended Complaint.

[9] This is not an exhaustive list.

Based on the information presented to the Court, there is a connection between the Representation Agreement and each of Maraist Law's claims against Nantucket. Therefore, the Representation Agreement's broad attorneys' fees provision is applicable to this action.

Having determined that the Representation Agreement is applicable to this case, the Court next considers Maraist Law's argument that Nantucket has waived or is otherwise estopped from asserting entitlement to attorneys' fees and expenses due to its alleged conduct in the 2008 Case. Maraist Law claims that Nantucket successfully argued in the 2008 Case that the post-judgment fee litigation did not involve Nantucket, but rather involved Maraist Law, PB Hotel, and Ashford. ECF No. 132 at 4-6. Maraist Law fails to explain how such a position would support a finding of waiver or estoppel in this case. *See Bueno v. Workman*, 20 So. 3d 993, 997-98 (Fla. 4th DCA 2009) (outlining the elements of equitable estoppel, judicial estoppel, and waiver). Even assuming Maraist Law's allegation is true, Nantucket's position regarding its role in the fee dispute among Maraist Law, PB Hotel, and Ashford is not inconsistent with, nor relevant to, Nantucket's position that this case fits within the broad scope of the attorneys' fees provision in the Representation Agreement. *See id.* at 997 (explaining that judicial estoppel involves "maintaining a position in one proceeding, while taking an inconsistent position in a later proceeding, in which the same parties and questions are involved"). Likewise, Maraist Law has not shown that Nantucket's position in the 2008 Case constitutes the intentional relinquishment of a known right necessary for a finding of waiver. *See id.* at 998.

17

Thus, Maraist Law has not shown that the doctrines of waiver or estoppel prevent Nantucket's recovery of its fees and expenses under the agreement. *See State v. Hadden*, 370 So. 2d 849, 852 (Fla. 3rd DCA 1979) ("The burden of proving an estoppel rests on the party invoking it, and every fact essential to estoppel must be proved."); *First Protective Ins. Co. v. Ahern*, 278 So. 3d 87, 88 (Fla. 4th DCA 2019) (holding that the party relying on waiver has the burden of proving that issue).

Finally, Maraist Law argues that Nantucket disavowed and forfeited its right to pursue a fee recovery from Maraist Law arising from the post-judgment fee litigation in the 2008 Case for two reasons; first, because Nantucket signed a "Revised" Agreement in 2014 and second, because Nantucket's president, Mr. Abruzzo, emailed Maraist in 2015 indicating that Maraist Law was terminated as appellate counsel and would not serve as counsel in the post-judgment fee litigation in the 2008 Case. ECF Nos. 132 at 3-6; 132-1 at 6-8. As an initial matter, Maraist Law appears to conflate Nantucket's efforts to obtain its fees in the 2008 Case with Nantucket's entitlement to fees in this action. Maraist Law argues that the Representation Agreement does not entitle Nantucket to fees against Maraist Law for work performed in the 2008 Case. ECF No. 132 at 3-4. However, the Motion does not seek fees for work performed in the 2008 Case. The Motion seeks Nantucket's fees for work performed in this action.

In addition, Maraist Law does not explain why the 2014 Agreement or the 2015 email constitute a disavowal or forfeiture of Nantucket's right to recover attorneys' fees and expenses under the Procedure for Dispute Resolution section of the

Representation Agreement. Neither document terminates nor modifies the attorneys' fees provision. The 2014 Agreement states that it "supplements" the Representation Agreement and clarifies that no terms of the Representation Agreement, other than those identified in the 2014 Agreement, are changed. ECF No. 132-1 at 6-7. The attorneys' fees provision is not listed or otherwise mentioned in the 2014 Agreement. Likewise, the attorneys' fees provision is not modified or otherwise mentioned in the 2015 email from Mr. Abruzzo to Maraist. Because Maraist Law has failed to support its argument that Nantucket disavowed or forfeited its right to seek attorneys' fees pursuant to the Representation Agreement, that argument is unavailing.[10] *See Beres*, 2022 WL 805733, at *6 n.6.

For the reasons stated above, I find that the Representation Agreement's attorneys' fees provision applies to each of Maraist Law's claims against Nantucket. Given Judge Cannon's dismissal of Maraist Law's claims and entry of judgment in favor of Nantucket, Nantucket is the prevailing party in this case. Accordingly, Nantucket is entitled to reimbursement of its reasonable attorneys' fees and expenses pursuant to the Representation Agreement.

---

[10] Nantucket also argues that Maraist Law reaffirmed and ratified the Representation Agreement in 2015 and attaches the Addendum to its Reply. ECF No. 133 at 4. Because Maraist Law has failed to provide any basis for its argument that the Representation Agreement was disavowed or forfeited, the Court does not need to consider the 2015 Addendum.

iv.    Calculation of Attorneys' Fees

Attorneys' fees are properly calculated by multiplying the number of hours reasonably spent on litigation by a reasonable hourly rate.[11] *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman*, 836 F.2d at 1299). The fee applicant bears the burden of establishing the claimed market rate. *See Barnes*, 168 F.3d at 427.

In determining the reasonableness of the rates sought, courts consider prior hourly rates awarded to other attorneys of similar experience in the community and also the court's own knowledge of the rates charged by local practitioners. *See McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."); *see also Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143,144 (5th Cir. 1940)) ("The court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ."). Ultimately, courts should assess "what a reasonable, paying client would be willing to pay." *Arbor*

---

[11] Florida courts apply the federal lodestar approach to determine reasonable attorney fees. *Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1146 (Fla. 1985).

*Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008) (The court must "step[] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively.").

In submitting a request for attorneys' fees, fee applicants are required to exercise "billing judgment." *Barnes*, 168 F.3d at 428 (quoting *Hensley*, 461 U.S. at 434). If fee applicants do not exercise billing judgment by excluding "excessive, redundant, or otherwise unnecessary" hours, which are hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation or experience of counsel*," the court must exercise billing judgment for them. *See Barnes*, 168 F.3d at 428 (quoting *Norman*, 836 F.2d at 1301 (emphasis in original)).

"Failing to lodge specific objections is generally deemed fatal" for a party opposing a motion for attorneys' fees. *Auto-Owners Ins. Co. v. Am. Yachts, Ltd.*, No. 06-80073-Civ, 2008 WL 11412068, at *6 (S.D. Fla. Feb. 6, 2008) (J. Hopkins) (citing *Gray v. Lockheed Aeronautical Sys. Co.*, 125 F.3d 1387, 1389 (11th Cir. 1997)), *report and recommendation adopted*, 2008 WL 11412069 (S.D. Fla. Feb. 26, 2008) (J. Hurley). However, courts still have a duty to conduct an independent analysis to ensure that the attorneys' fees sought are reasonable. *See Barnes*, 168 F.3d at 428 ("[I]t is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded.").

    a.   <u>Reasonableness of Counsel's Hourly Rates</u>

21

Nantucket's Motion seeks an hourly billing rate of $528.23 for Attorney Mr. Rose, $350 for Attorney Ms. Hanifin, and $325 for Attorney Ms. Kelly.[12] ECF No. 127-1 at 4. The Motion requests an hourly rate of $200 for Paralegal Ms. Symons. *Id.*

Mr. Rose has been practicing law in Florida for 30 years, is Board Certified in Business Litigation and Appellate Practice, and is a shareholder at Mrachek Law. ECF No. 127-1 at 18-28. Ms. Kelly, an associate at Mrachek Law, has been practicing law in Florida for 14 years, and Ms. Hanifin, of counsel at Mrachek Law, has been practicing law for 21 years. ECF No. 127-1 at 4, 29-32. The Motion does not provide the experience or qualifications of the paralegal, Ms. Symons.

Taking into account Mr. Rose's professional biography submitted in support of Nantucket's Motion, the parties' arguments, and applying my own experience and knowledge, I find Mr. Rose's requested hourly rate of $528.23 to be reasonable. *See Kleiman v. Wright*, No. 18-80176-CV, 2020 WL 1980601, at *4 (S.D. Fla. Mar. 17, 2020) (J. Reinhart) (finding $675 to be a reasonable hourly rate for a senior partner with 27 years' experience). As stated, Maraist Law does not contest the rates of Ms. Hanifin and Ms. Kelly (ECF No. 132 at 12) and I, too, find that they are reasonable since they are below the rates typically charged in West Palm Beach, Florida. *See e.g. CityPlace Retail L.L.C. v. Wells Fargo Bank, N.A.*, No. 18-CV-81689, 2021 WL

---

[12] Mr. Rose's hourly rate is based on his standard rate of $525 in 2021 and $595 in 2022. ECF No. 127-1 at 4. The requested rates for Ms. Hanifin, Ms. Kelly, and Ms. Symons are based on their 2021 standard rates. *Id.*

3361172, at *6 (S.D. Fla. Jan. 12, 2021) (J. Reinhart) (finding the rate of $400 per hour to be reasonable for associates with at least 10 years' experience). Because there is no information regarding the experience level and qualifications of Ms. Symons, I will reduce her hourly rate to $125, which is a reasonable hourly rate for paralegal services. *See Glob. Digital Sols.*, *Inc. v. Grupo Rontan Electro Metalurgica, S.A.*, No. 18-80106-CV, 2021 WL 7630524, at *2 (S.D. Fla. Aug. 16, 2021) (J. Middlebrooks) (finding the rate of $125 per hour to be reasonable for a paralegal whose experience was not provided by the movant).

    b.  <u>Reasonable Hours</u>

Nantucket submitted seven pages of billing records spanning from March 31, 2021, to March 2, 2022. ECF No. 127-1 at 10-16. During this period, Mrachek Law billed a total of 107.5 hours. *Id.* at 16. Nantucket seeks to recover 99.1 hours of its counsel's billable time. ECF No. 127 at 7. The total fees requested is $49,035.50. *Id.* at 10. I have closely reviewed every entry in the billing records. Based on this detailed review, I have deducted 6.1 hours of attorney and paralegal time due to entries that are duplicative, vague, secretarial, or fall outside the scope of the Representation Agreement's attorneys' fees provision. This results in a fee reduction of $2,535.16.[13]

In addition to objecting to every time entry, Maraist Law specifically objects to Nantucket's inclusion of entries that are not related to Maraist Law's conspiracy to

---

[13] This amount accounts for the reduction of Ms. Symons' hourly rate.

abuse process claim, entries which pre-date the Corrected Amended Complaint, entries for time spent defending parties other than Nantucket, entries related to review of filings by Defendants other than Nantucket, and entries for time spent litigating state court proceedings. ECF No. 132 at 9-11. Maraist Law also argues that certain time entries are excessive, vague, or seek time spent on clerical or secretarial matters. *Id.*

Maraist Law's arguments regarding Nantucket's failure to link its time entries to Maraist Law's conspiracy to abuse process claim are unavailing because Nantucket is entitled to recover its attorneys' fees and costs for litigating each of Maraist Law's claims. Additionally, the Court need not address Maraist Law's objections to entries listed in the billing records that Nantucket does not seek to recover as fees. For example, Maraist Law argues that time entries which pre-date the Corrected Amended Complaint are improper, but the billing records show that Nantucket is not seeking any fees for those entries.[14] ECF No. 127-1 at 10. Accordingly, further discussion of these entries is not necessary.

_____

[14] The "amount" column for these entries is "0.00". A similar example is presented by Maraist Law's objections to entries which refer to "general unspecified alleged correspondence to the client." ECF No. 132 at 10. Maraist Law is presumably referring to Mrachek Law's billing entries which reference preparation of correspondence to the client. These entries also list the amount as "0.00".

### 1. *Time Spent on Work for Defendants Other than Nantucket*

Mrachek Law's billing records include approximately 66.2 hours litigating three motions to dismiss. Counsel billed approximately 3.5 hours for litigation related to Mr. Rose's October 19, 2021, motion to dismiss (ECF No. 58), 27.8 hours for Nantucket and Mr. Abruzzo's November 1, 2021, motion to dismiss (ECF No. 64), and 34.9 hours for the December 14, 2021, motion to dismiss filed on behalf of all Non-State Defendants (ECF No. 104).[15] ECF No. 127-1 at 10-15. Of the 3.5 hours spent on Mr. Rose's motion to dismiss, Nantucket seeks to recover fees for 2.5 of those hours. *Id.* at 11-12. Mr. Rose was not a party to the Representation Agreement and Mr. Rose's motion to dismiss was not jointly filed on behalf of Nantucket. Nantucket does not explain why it is entitled to recover fees for time Mr. Rose spent defending himself. Therefore, I will reduce Mr. Rose's time by 2.2 hours and Ms. Symons time by 0.3 hours for work performed on Mr. Rose's motion to dismiss. *See Tillman v. Advanced Public Safety, Inc.*, No. 15-cv-81782, 2018 WL 5729291, at *5-6 (S.D. Fla. Nov. 2, 2018) (J. Matthewman) (holding that movant was not entitled to fees incurred on behalf of its co-defendant where the movant, and not the co-defendant, was found to be entitled to fees for certain claims pursuant to a contract), *report and recommendation adopted*, 2018 WL 6424899 (S.D. Fla. Nov. 21, 2018) (J. Marra).

---

[15] These entries include time spent researching issues related to the motions, drafting the motions, reviewing Maraist Law's responses, drafting replies, and strategizing with co-counsel regarding the joint motion for the Non-State Defendants.

Nantucket is entitled to recover the time its counsel spent on the motion to dismiss filed on behalf of both Nantucket and Mr. Abruzzo and the motion filed on behalf of all Non-State Defendants. Mr. Abruzzo is the president of Nantucket. The claims at issue in Nantucket's first motion to dismiss were asserted against both Nantucket and Mr. Abruzzo and the motion to dismiss does not make distinct arguments on behalf of either Defendant. Nantucket's counsel likely would have spent the same amount of time drafting the motion to dismiss whether Mr. Abruzzo's name was included or not. Regarding the Non-State Defendants' motion to dismiss, Judge Cannon ordered the Defendants to file their responses and motions jointly. ECF Nos. 86, 91. Nantucket should not be penalized for complying with the Court's orders in the form of a fee reduction simply because the motion benefited other Defendants in addition to Nantucket.

Further, based on my review of the billing records and my own experience and knowledge, I find that the amount of time spent litigating these motions was reasonable. As stated in the Motion, this case involved a 235-page multi-count complaint filed against eight parties other than Nantucket. Nantucket's first motion to dismiss spanned seventeen pages and challenged each of the five claims brought by Maraist Law against Nantucket. The Non-State Defendants' motion to dismiss was twenty pages long and ultimately led to the dismissal of all Maraist Law's claims against Nantucket. Maraist Law filed lengthy responses to each motion and Nantucket filed measured replies. Accordingly, Nantucket is entitled to recover its counsel's time spent on the two motions to dismiss filed on its behalf.

### 2. *Time Spent Reviewing Other Defendants' Filings*

Mrachek Law billed approximately 7.6 hours for time spent reviewing papers filed by other Defendants. For example, these entries include review of the State Defendants' initial motion to dismiss before Nantucket filed its motion to dismiss, review of PB Hotel's motion to compel that Nantucket subsequently joined, review of the State Defendants' successful motion to dismiss, and the responses and replies related to those papers. ECF No. 127-1 at 10-16. It is clear from the docket and the billing records that Nantucket's counsel reviewed the papers of the other Defendants to aid its defense of Nantucket.[16] Based on my review of the billing records and my own experience and knowledge, I find that it was reasonable for Nantucket's counsel to review these papers and that the time spent was reasonable.

### 3. *Vague and Duplicative Billing*

Nantucket's fee award should be reduced by $845.17 due to two vague entries in its billing records. On December 21, 2021, Mr. Rose billed 0.1 hour for "Work on email to C. Sutter and T. Schulz". *Id.* at 14. The entry does not describe the subject matter of the correspondence or its relation to the case. The next day, Mr. Rose billed 1.5 hours for "Work on outline of additional legal research re for appeal, and work on outline of key topics and issues for appellate brief." *Id.* at 15. An appeal was not

---

[16] For example, Nantucket adopted the immunity arguments made by the State Defendants as a partial basis for dismissal of Counts IV-VI in its first motion to dismiss. ECF No. 64 at 17.

pending in this case at that time.[17] These entries do not provide sufficient detail for the Court to determine their reasonableness. Accordingly, I will deduct 1.6 hours from Mr. Rose's time because these billing entries were unacceptably vague. *See Bank of Am., N.A. v. House of Dentistry, P.A.*, No. 19-63117-CIV, 2021 WL 468990, at *6 (S.D. Fla. Jan. 20, 2021) (J. Valle) ("[A] court may deduct hours from the time billed if it finds that the billing entries are unacceptably vague and prevent the court from discerning the legal services provided."), *report and recommendation adopted*, 2021 WL 465782 (S.D. Fla. Feb. 9, 2021) (J. Williams).

I also find that counsel's time should be reduced due to duplicative billing. Mr. Rose and Ms. Symons each billed time related to finalizing and filing Nantucket's joinder in PB Hotel's motion to compel and Nantucket's motion to dismiss. ECF No. 127-1 at 11. I find these entries to be unreasonably duplicative. Nantucket does not differentiate the work performed by Mr. Rose and Ms. Symons and fails to justify recovery of time Mr. Rose and Ms. Symons spent completing the same work. Accordingly, I will reduce Ms. Symons' time by 0.7 hours. *See Pena v. Facci of Merrick Park, Inc.*, No. 18-24296-CIV, 2020 WL 13390192, at *5 (S.D. Fla. Oct. 12, 2020) (J. Louis) (deducting paralegal's time related to the preparation of an affidavit as duplicative of time incurred by counsel for the same task); *N. Dade Church of God,*

---

[17] The appeal in this case was filed on April 28, 2022. ECF No. 129.

*Inc. v. JM Statewide, Inc.*, 851 So. 2d 194, 196 (Fla. 3d DCA 2003) ("Duplicative time charged by multiple attorneys working on the case are generally not compensable").

### 4. Clerical Tasks

I find that Ms. Symons' time should be reduced by 1.3 hours because it was clerical in nature. Ms. Symons billed 0.3 hours for the finalization and filing of Mr. Weiss' notice of appearance and 1 hour for "Review online docket and pull copies of court documents for the completion of our file".[18] ECF No. 127-1 at 11-12. The general rule regarding work performed by paralegals is that where the work performed is that normally performed by an attorney, paralegal time may be included as part of an award of attorneys' fees. *See Missouri v. Jenkins*, 491 U.S. 274, 285 (1989); *Jean v. Nelson*, 863 F.2d 778 (11th Cir. 1988). However, "work that is clerical or secretarial in nature is not separately recoverable." *Hansen v. Deercreek Plaza, LLC*, 420 F. Supp. 2d 1346, 1353 (S.D. Fla. 2006) (J. Seltzer) (quoting *Scelta v. Delicatessen Support Servs., Inc.*, 203 F. Supp. 2d 1328, 1334 (M.D. Fla. 2002)); *see also N. Dade Church of God*, 851 So. 2d at 196.

Paralegal time spent "performing clerical functions such as organizing files, copying documents, checking the docket, updating files, checking court dates and delivering papers" is not recoverable. *For Play Ltd. v. Bow to Stern Maint., Inc.*, No. 05-22002-CIV, 2006 WL 3662339, at *7 (S.D. Fla. Nov. 6, 2006) (J. King) (finding

---

[18] These entries were billed on October 19, 2021, and November 2, 2021, respectively.

these clerical functions non-compensable). Ms. Symons' review of the docket to complete Mrachek Law's file and filing of Mr. Weiss' notice of appearance constitute clerical functions and are not recoverable. *See id*; *Caplan v. La Familia Auto Sales, Inc.*, No. 21-CV-61783, 2022 WL 5199484, at *3 (S.D. Fla. Sept. 19, 2022) (J. Strauss) (excluding time spent preparing a notice of appearance from award as administrative/clerical), *report and recommendation adopted*, 2022 WL 5170789 (S.D. Fla. Oct. 4, 2022) (J. Ruiz). Thus, Ms. Symons' time should be reduced by 1.3 hours.

      v.    <u>Lodestar Amount</u>

| Attorney/Paralegal | Hourly Rate | Hours Reduced | Hours Awarded | Fees Awarded |
|---|---|---|---|---|
| Mr. Rose | $528.23 | 3.8 | 80.6 | $42,575.34 |
| Ms. Hanifin | $350.00 | N/A | 3.0 | $1,050.00 |
| Ms. Kelly | $325.00 | N/A | 8.5 | $2,762.50 |
| Ms. Symons | $125.00 | 2.3 | 0.9 | $112.50 |
| **TOTAL FEES AWARDED** | | | | $46,500.34 |

      vi.    <u>Calculation of Costs</u>

Nantucket seeks recovery of $247.46 in costs incurred in this case. ECF No. 127 at 9. Specifically, Nantucket seeks $3.90 for PACER fees, $8.92 for conference call costs, and $234.64 in Westlaw charges. *Id*. The Representation Agreement entitles Nantucket, as the prevailing party, to recover its reasonable costs "expended in connection" with the dispute between the parties. ECF No. 127-1 at 8.

The agreement does not limit Nantucket's recovery to taxable costs pursuant to 28 U.S.C. § 1920.

Maraist Law argues that Nantucket is not entitled to recover its costs because the costs are not sufficiently detailed and do not arise from the conspiracy to abuse process claim, the Representation Agreement, or the issues in this case. ECF No. 132 at 9. I have already found that Nantucket's recovery is not limited to Maraist Law's conspiracy to abuse process claim. Additionally, the billing records show that the costs requested are indeed connected to this dispute, as required by the Representation Agreement. The Westlaw charges relate to counsel's research regarding Maraist Law's conspiracy claims and subject matter jurisdiction. ECF No. 127-1 at 17. The conference call costs relate to a call on November 29, 2021, between Nantucket's counsel and counsel for other Defendants regarding the Court's order that Defendants file future papers jointly. *Id.* at 13, 17. Finally, the PACER fees relate to documents filed in this litigation.[19] *Id.* at 10, 17.

Maraist Law further argues the PACER fees are not recoverable because the fees were incurred three weeks before the Corrected Amended Complaint was filed. ECF No. 132 at 9. However, the Representation Agreement is broad in permitting recovery of reasonable costs connected to the dispute and the PACER fees are clearly connected to this dispute. Accordingly, I find that Nantucket is entitled to recover its

---

[19] While Nantucket's list of costs simply identifies PACER Fees for documents downloaded on 9/20/21 and a conference call on 11/29/2021 the billing entries on those dates provide the details for those costs.

costs for the Westlaw charges, PACER fees, and conference calls in the amount of $247.46. *See Nguyen v. Biondo*, No. 11-81156-CIV, 2013 WL 12090627, at *3 (S.D. Fla. Mar. 15, 2013) (J. Middlebrooks) (awarding Westlaw research costs, PACER Database charges, and conference call costs where agreement between the parties provided that the prevailing party was entitled to reasonable expenses including attorneys' fees and costs); *Glob. Digital Sols.*, 2021 WL 7630524, at *1 (awarding pre-litigation attorneys' fees and costs where the fees provision permitted recovery of all reasonable expenses related to the action).

## **RECOMMENDATION**

Accordingly, it is hereby **RECOMMENDED** that the District Court **GRANT IN PART AND DENY IN PART** Defendant Nantucket Enterprises, Inc.'s Verified Motion for Award of Costs and Attorneys' Fees (ECF No. 127), awarding Nantucket recovery of $46,500.34 in attorneys' fees and $247.46 in costs for a total of $46,747.80.

<u>**NOTICE OF RIGHT TO OBJECT**</u>

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**IF A PARTY DOES NOT INTEND TO OBJECT TO THIS REPORT AND RECOMMENDATION, THEY SHALL FILE A NOTICE TO THAT EFFECT WITHIN FIVE (5) DAYS.**

**DONE AND SUBMITTED** in Chambers this 29th day of November, 2022, at West Palm Beach in the Southern District of Florida.

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE