UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 21-CV-81467-CANNON/REINHART

MARAIST LAW FIRM, P.A. and
PATRICK MARAIST, ESQ.,

                        Plaintiffs,

vs.

HON. HOWARD COATES,
HON. CYMONIE ROWE,
15TH JUDICIAL CIRCUIT,
ALAN ROSE, ESQ.
ROBERT ABRUZZO,
NANTUCKET ENTERPRISES, INC.,
TIMOTHY SCHULZ, ESQ.
PALM BEACH FLORIDA HOTEL AND
OFFICE BUILDING LP, and
ASHFORD TRS LESSEE II, LLC,

                        Defendants.

_____/

**REPORT AND RECOMMENDATION REGARDING NON-STATE DEFENDANTS' SUPPLEMENTAL MOTION IN CONNECTION WITH THE COURT'S ORDER AWARDING RULE 11 SANCTIONS [ECF No. 146]**

I.     PROCEDURAL BACKGROUND

In January of 2022, Defendants Nantucket Enterprises, Inc. ("Nantucket"), Palm Beach Florida Hotel and Office Building Limited Partnership, and Ashford TRS Lessee II, LLC ("PB Hotel"), Alan Rose, Esq., Timothy Schulz, Esq., and Robert Abruzzo (collectively the "Non-State Defendants") filed a Joint Motion for Sanctions Pursuant to Rule 11 based on Count VII of the Corrected Amended Complaint ("Sanctions Motion"). ECF No. 110. The motion sought reimbursement for

"reasonable costs and attorney's fees for having to file and pursue [the Sanctions] Motion." *Id.* at 12. I submitted a Report and Recommendation on the Sanctions Motion finding that Count VII of the Corrected Amended Complaint was objectively frivolous, and that Plaintiffs Patrick Maraist, Esq. and Maraist Law Firm, P.A. (collectively "Maraist") should have been aware that the interpleader claim was frivolous.[1] ECF No. 137. I further found that Rule 11 sanctions were appropriate. *Id.* at 12. I deferred ruling on the Non-State Defendants' reasonable amount of costs and attorneys' fees until Judge Cannon ruled on the recommendation that sanctions were warranted. *Id.*

On August 30, 2022, Judge Cannon accepted the Report and Recommendation and granted the Sanctions Motion ("August 30, 2022 Order"). ECF No. 145. In that same Order, the Court required the Non-State Defendants to file a supplemental motion identifying with specificity the amount of reasonable costs and fees incurred in litigating the Sanctions Motion. *Id.*

In the supplemental motion, the Non-State Defendants seek a total of $51,604.75 in attorneys' fees as a sanction for Maraist's Rule 11 violation ("Motion").[2]

---

[1] Notably, Plaintiffs Patrick Maraist and Maraist Law Firm, P.A. are both the parties who asserted the interpleader claim and the counsel and law firm that signed the complaint. ECF No. 29 at 214, 235.

[2] Specifically, Nantucket, Mr. Abruzzo, and Mr. Rose collectively seek $24,244.75 for their attorneys' fees incurred litigating the interpleader claim and pursuing the Sanctions Motion and PB Hotel and Mr. Schulz collectively seek $27,360.00. ECF No. 146 at 5.

2

ECF No. 146. I have reviewed the Motion (ECF No. 146), Maraist's Response (ECF No. 153), and the Non-State Defendants' Reply (ECF No. 154). For the reasons stated below, it is **RECOMMENDED** that the Motion be **GRANTED IN PART and DENIED IN PART**.

## II.   PARTIES ARGUMENTS

The Non-State Defendants contend that the appropriate sanction for Maraist's Rule 11 violation is the recovery of the attorneys' fees they incurred defending the interpleader claim and prosecuting the Sanctions Motion. ECF No. 146 at 5. The Non-State Defendants argue this sanction "would serve as a deterrent to Maraist choosing to harass and sue clients and either counsel in the future" and would provide them with partial compensation for the Rule 11 violation. *Id.* at 4.

They argue this sanction is appropriate because Maraist did not have a reason to name Mr. Rose, Mr. Schulz, and Mr. Abruzzo (the "Individual Defendants") in the interpleader action "other than as some means of harassment, intimidation, or other improper purpose." *Id.* They maintain that Maraist had ample opportunity to drop the Individual Defendants from the case because they immediately disclaimed any interest in the interpleaded items. *Id.* Despite this disclaimer, and Maraist's subsequent acknowledgement that the interpleader action was moot, Maraist continued to pursue its claim against the Individual Defendants. *Id.* They further argue that Maraist "stalled, delayed and refused to cooperate in the state court" action that involves Nantucket and PB Hotel and filed this action when those

3

proceedings were coming to a close "solely to divest the state court of jurisdiction" and to derail or stall the state court proceedings. *Id.* at 5.

Maraist responds that the Court should not award any fees or other relief to the Non-State Defendants because they failed to comply with the Court's August 30, 2022 Order.[3] ECF No. 153 at 1-2. Specifically, Maraist argues that despite the August 30, 2022, Order limiting recovery to the amount of reasonable costs and fees "incurred in litigat[ing] Defendants Rule 11 Motion," the Motion seeks additional fees and adds supplemental argument that was not previously raised in the Sanctions Motion.[4] *Id.* Maraist also argues the Motion violates Rule 11 notice requirements. *Id.*

In the alternative, Maraist argues that the sanction must be limited to time incurred after December 3, 2021, because the primary basis for the Sanctions Motion

---

[3] Maraist makes additional arguments regarding the Non-State Defendants' entitlement to sanctions which will not be discussed here as the Court has already ruled that sanctions are appropriate (ECF Nos. 137, 145). ECF No. 153 at 4-6. Maraist also specifically argues that the Motion improperly seeks fees related to its civil rights claims and that an award of those fees would be inappropriate for several reasons. *Id.* at 4-6. As acknowledged by Maraist, the Court's previous order finding entitlement to Rule 11 sanctions was limited to Maraist's interpleader claim; thus, the Non-State Defendants' will not be awarded fees for time incurred litigating other claims and the Court need not address Maraist's arguments in detail.

[4] Maraist notes that the remedy sought in the Sanctions Motion, as well as the draft motion provided to Maraist before filing, was also limited to "reasonable costs and attorney's fees for having to file and pursue this Motion." *Id.* at 1 (emphasis removed).

Maraist does not identify or describe the alleged supplemental argument that was added to the Sanctions Motion.

4

was the Non-State Defendants' argument that the interpleader claim became moot on that date. *Id.* at 5-6. Finally, Maraist argues the Court should consider its limited financial resources when determining the appropriate sanction because Rule 11 discourages monetary sanctions against parties with modest financial resources. *Id.* at 3-4. In support of its claim that it has modest financial resources, Maraist argues that Mr. Maraist is a sole practitioner "who since Fall 2019 has and continues to suffer disabilities" that affect his health, work, and income. *Id.* at 3. Additionally, Maraist states that the state court proceeding involving Maraist, Nantucket, and PB Hotel has caused it to deposit nearly $250,000 into the State Court system.[5] *Id.*

The Non-State Defendants reply that Maraist's filings since the Court's ruling on the Sanctions Motion reflect that Maraist remains defiant and undeterred by the Court's Rule 11 findings. ECF No. 154 at 2-3. They further argue that there is no record evidence that Maraist has modest financial resources and reaffirm their request for their attorneys' fees related to the interpleader claim. *Id.* at 3.

### III.   DISCUSSION

A. Type of Sanction

Federal Rule of Civil Procedure 11 says that once a Court determines that Rule 11(b) was violated, "the court may impose an appropriate sanction on any attorney,

---

[5] Maraist is presumably referring to the civil coercive penalties assessed against it in the state court action. ECF Nos. 153-1, 153-3.

law firm, or party that violated the rule or is responsible for the violation." Fed. R. Civ. P. 11(c)(1). The rule further says:

> A sanction imposed under this rule must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated. The sanction may include nonmonetary directives; an order to pay a penalty into court; or, if imposed on motion and warranted for effective deterrence, an order directing payment to the movant of part or all of the reasonable attorney's fees and other expenses directly resulting from the violation.

Fed. R. Civ. P. 11(c)(4). "[T]he selection of the type of sanction to be imposed lies with the district court's sound exercise of discretion." *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1295 (11th Cir. 2002) (citing *Donaldson v. Clark*, 819 F.2d 1551, 1557 (11th Cir. 1987)). "However, the court's discretion to impose sanctions is not unrestricted, in that the sanction 'must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated.'" *Thomas v. Early Cnty. Ga.*, 518 F. App'x 645, 646 (11th Cir. 2013) (citing Fed. R. Civ. P. 11(c)(4)). Relevant factors the Court may consider when determining an appropriate sanction include: the conduct of the parties, the effect the violation had on the litigation, whether the responsible person is trained in the law, the amount needed to deter that person, given their financial resources, from repeating the violative conduct in the case, and the amount needed to deter similar activity by others. *Thomas*, 518 F. App'x at 646 (citing Fed. R. Civ. P. 11, advisory committee notes (1993 Amendments)). For the reasons that follow, I recommend that the District Court order monetary sanctions against Maraist based on the attorneys' fees the Non-State Defendants incurred litigating the Sanctions Motion.

6

The Rule 11 violation in this case affected a single count of a seven-count complaint and was dismissed less than five months after it was initiated. ECF Nos. 29, 116. Maraist was trained in the law when it committed the Rule 11 violation and not only filed a frivolous claim but persisted in its claim after the claim became moot. ECF No. 137 at 9-10. Moreover, Maraist continued to pursue the interpleader claim after service of the Sanctions Motion despite receiving notice that it could incur sanctions if it did not withdraw the frivolous claim. Maraist also continues to maintain that the interpleader claim is not moot, despite the Court's Rule 11 findings. *See* ECF No. 153 at 6. Given this conduct, I agree with the Non-State Defendants that some monetary sanction is necessary to deter Maraist from future violative conduct. However, I disagree that reimbursement for all fees incurred litigating the interpleader claim is necessary to sufficiently deter future similar conduct. "The purpose of Rule 11 is deterrence, not compensation, and an award of all attorneys' fees would not serve the purpose of Rule 11 sanctions." *Latele Prods., Inc. v. TV Azteca*, No. 16-CV-25347, 2021 WL 811594, at *16 (S.D. Fla. Feb. 5, 2021) (J. Louis) (citations omitted), *report and recommendation adopted*, 2021 WL 810263 (S.D. Fla. Mar. 3, 2021) (J. Moreno).

Considering the above factors, the purpose of Rule 11 sanctions, and Maraist's claim that it has modest financial resources, I recommend the District Court award the Non-State Defendants their reasonable attorneys' fees incurred prosecuting the Sanctions Motion as the appropriate Rule 11 sanction. I further recommend that the Rule 11 sanction be imposed against Mr. Maraist and Maraist Law Firm, P.A. jointly

and severally. *See* Fed. R. Civ. P. 11(c)(1) ("Absent exceptional circumstances, a law firm must be held jointly responsible for a violation committed by its partner, associate, or employee."); *see also J A P Logistics, Inc. v. MT 2005 Integradores y Consultores, S.A.*, No. 19-21306-CIV, 2020 WL 13110796, at *7 (S.D. Fla. May 11, 2020) (J. Otazo-Reyes) (holding the attorney and his law firm jointly and severally liable for the Rule 11 sanctions imposed upon the attorney), *report and recommendation adopted*, 2020 WL 13110794 (S.D. Fla. May 28, 2020) (J. Martinez).

B. Calculation of the Sanction

"In the Eleventh Circuit, the lodestar method is used to determine the amount of attorney's fees awarded as Rule 11 sanctions." *Latele Prods.*, 2021 WL 811594, at *16 (citing *Danubis Grp., LLC v. Landmark Am. Ins. Co.*, 685 F. App'x 792, 803 (11th Cir. 2017)). Pursuant to the lodestar method, attorneys' fees are properly calculated by multiplying the number of hours reasonably spent on litigation by a reasonable hourly rate. *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (citing *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The reasonable hourly rate is defined as the "prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Barnes*, 168 F.3d at 436 (quoting *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988)).

The fee applicant bears the burden of establishing the claimed market rate and documenting the appropriate hours. *See Barnes*, 168 F.3d at 427; *see also Puente v. Carmel at California Club Prop. Owners Ass'n*, No. 18-21376-CV, 2019 WL 3428521,

at *4 (S.D. Fla. Apr. 17, 2019) (J. Torres) ("The party seeking an attorney's fee award must produce 'meticulous, contemporaneous time records that reveal, for each lawyer whose fees are sought, all hours for which compensation is requested and how those hours were allotted to specific tasks.'") (quoting *Simon v. Leaderscape, LLC*, 565 F. Supp. 2d 1332, 1335 (S.D. Fla. 2008)), *report and recommendation adopted*, 2019 WL 3429132 (S.D. Fla. July 1, 2019) (J. Williams).

In determining the reasonableness of the rates sought, courts consider prior hourly rates awarded to other attorneys of similar experience in the community and also the court's own knowledge of the rates charged by local practitioners. *See McDonald ex rel Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund*, 450 F.3d 91, 96–97 (2d Cir. 2006) ("A district court may also use its knowledge of the relevant market when determining the reasonable hourly rate."); *see also Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143,144 (5th Cir. 1940)) ("The court . . . is itself an expert on the question [of fees] and may consider its own knowledge and experience concerning reasonable and proper fees . . . ."). Ultimately, courts should assess "what a reasonable, paying client would be willing to pay." *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cnty. of Albany*, 522 F.3d 182, 184 (2d Cir. 2008) (The court must "step[ ] into the shoes of the reasonable, paying client, who wishes to pay the least amount necessary to litigate the case effectively.").

In support of their requested fees, the Non-State Defendants attached their counsel's billing statements beginning in October of 2021, when the Corrected Amended Complaint was filed. ECF Nos. 146-1, 146-2. After the Motion was filed,

Nantucket was awarded prevailing party fees. ECF No. 163. Most of the fees Nantucket requests in this Motion were also included in Nantucket's prevailing party fee motion. ECF No. 146 at 3, n.2. Because Nantucket is not entitled to recover the same fees twice, the Court will exclude from this award any fees related to the Sanctions Motion that were awarded in the prevailing party fee motion. *See Maale v. Kirchgessner*, No. 08-80131-CIV, 2012 WL 2254083, at *2 (S.D. Fla. May 29, 2012) (J. Dimitrouleas) ("Rule 11 never authorizes recovery of duplicative attorney fees.").

a. <u>Reasonableness of Counsel's Hourly Rates</u>

Mr. Rose, Mr. Abruzzo, and Nantucket seek an hourly billing rate of $325 for Attorney Dawn Kelly, $275 for Attorney Michael Kranz, and $525 and $595 for Attorney Mr. Rose (for the years 2021 and 2022, respectively). ECF No. 146-1 at 9. Mr. Schulz and PB Hotel seek an hourly billing rate of $400 for Attorney Timothy Schulz. ECF No. 146-2 at 2. Maraist does not object to the hourly rates of Ms. Kelly, Mr. Kranz, or Mr. Schulz. Maraist objects to Mr. Rose's hourly rates and suggests the reasonable hourly rate for Mr. Rose is $475. ECF No. 153 at 7.

Mr. Rose has been practicing law in Florida for 31 years, is Board Certified in Business Litigation and Appellate Practice, and is a shareholder at Mrachek, Fitzgerald, Rose, Konopka, Thomas & Weiss, P.A. ("Mrachek Law"). ECF No. 146-1 at 1, 12-20. Ms. Kelly and Mr. Kranz, associates at Mrachek Law, have been practicing law in Florida for 15 years and 9 years, respectively. *Id.* at 22-26. Mr. Schulz is a solo practitioner at Timothy W. Schulz, P.A. and has been practicing law in Florida for 27 years. ECF No. 146-2 at 1-2.

10

I previously found the blended rate of $528.23 to be reasonable for Mr. Rose's billable time in 2021 and 2022. ECF No. 156 at 22. Given Nantucket's previous fee award, Mr. Rose's time entries in 2021 will be excluded from the sanctions award. Thus, the Court need only determine the reasonable hourly rate for Mr. Rose's billable time in 2022. Taking into account Mr. Rose's professional biography submitted in support of the Motion, my previous fee award, and applying my own experience and knowledge, I find Mr. Rose's requested hourly rate of $595.00 for work performed in 2022 to be reasonable. *See Kleiman v. Wright*, No. 18-80176-CV, 2020 WL 1980601, at *4 (S.D. Fla. Mar. 17, 2020) (J. Reinhart) (finding $675 to be a reasonable hourly rate for a senior partner with 27 years' experience). As stated, Maraist does not contest the rates of Ms. Kelly, Mr. Kranz, and Mr. Schulz and I, too, find that they are reasonable because they are below the rates typically charged in West Palm Beach, Florida. *See e.g. CityPlace Retail L.L.C. v. Wells Fargo Bank, N.A.*, No. 18-CV-81689, 2021 WL 3361172, at *6 (S.D. Fla. Jan. 12, 2021) (J. Reinhart) (finding the rate of $400 per hour and $350 per hour to be reasonable for associates with at least 10 years and 5 years of experience, respectively).

b. <u>Reasonable Hours</u>

I have closely reviewed every entry in the billing records submitted by the Non-State Defendants. ECF Nos. 146-1 at 5-9; 146-2 at 4-18. Based on this detailed review,

Mr. Kranz, Mr. Rose, and Ms. Kelly billed 19.5 hours litigating the Sanctions Motion and Mr. Schulz billed approximately 23 hours.[6]

The majority of the hours identified by the Court as related to the Sanctions Motion appear to be reasonable and should be included in the sanctions award. However, Maraist argues that fewer entries are eligible for the Court's consideration. In its Response, Maraist outlines the time entries he argues the Court "could at most allow." ECF No. 153 at 8-10. Specifically, Maraist argues that only four of Mr. Rose's time entries and seven of Mr. Schulz's time entries are eligible for consideration as a sanction. *Id.* It then argues that each of those time entries should be reduced for the reasons discussed below. *Id.* Notably, the time entries Maraist argues the Court might consider for Mr. Rose will not be included in this award because they were included in Nantucket's prevailing party fee award.

### i. Categorical Objections

Maraist argues that fees incurred after July 2022 should not be included in the sanctions award because the Court determined that the Non-State Defendants were

---

[6] Mr. Kranz, Mr. Rose, and Ms. Kelly's time spans 14 entries dated November 10-11, 2021 and the following dates in 2022: July 6, July 8, July 21, and July 25-27. Mr. Schulz's time spans 11 entries dated October 7-10, 2021, December 6, 2021, and the following dates in 2022: January 10, January 24, February 7-9, and February 23.

Notably, Mr. Kranz's time entries pre-date Nantucket's prevailing party fee motion but were not requested in that motion. Because Nantucket has not previously recovered these fees, and the entries reflect reasonable time spent on the Sanctions Motion, I recommend including Mr. Kranz's time in the sanctions award.

12

entitled to fees on July 6, 2022, and a sanctions award that includes fees on fees would be improper and unauthorized. ECF No. 153 at 9. Mr. Rose and Ms. Kelly each billed time in July 2022 for review of the Court's Report and Recommendation, review of Maraist's objections to the report, and to draft a response to Maraist's objections. ECF No. 146-1 at 7-8. This work is fairly construed as time incurred litigating the Sanctions Motion and should not be categorically excluded from consideration. I find that Mr. Rose and Ms. Kelly's time entries in July of 2022 are reasonable and thus should be included in the sanctions award.

Next, Maraist objects to the inclusion of any time spent on "prior unrelated Rule 11 Motions." ECF No. 153 at 4. This objection presumably refers to Mr. Schulz's entries related to PB Hotel and Mr. Schulz's initial motions for sanctions (ECF Nos. 68, 69). ECF No. 146-2 at 4. PB Hotel and Mr. Schulz's initial motions for sanctions related to the interpleader claim and were largely identical to the Sanctions Motion.[7] ECF Nos. 68, 69, 110. The initial motions were denied by the Court without prejudice and without consideration on the merits. ECF No. 86. Because the Sanctions Motion copied the arguments made in the initial motions, I find Mr. Schulz's time spent on these motions to be reasonably incurred litigating the Sanctions Motion. I further find that Mr. Schulz billed a reasonable amount of time for work on these motions; thus, these time entries should be included in the sanctions award.

---

[7] Maraist acknowledges that the Sanctions Motion "only slightly changed" the Rule 11 motion filed by Mr. Schulz and PB Hotel. ECF No. 153 at 1.

13

### ii. Objections to Block Billing

Maraist objects to a few instances of block billing, which is the "disfavored practice of including multiple distinct tasks within the same time entry without specifying the amount of time spent on each task." *Bank v. Tien*, No. 04-CV-20834, 2015 WL 10911507, at *4 (S.D. Fla. Sept. 29, 2015) (J. Valle) (citing *Dial HD, Inc. v. ClearOne Commc'ns, Inc.*, 536 F. App'x 927, 931 (11th Cir. 2013)), *report and recommendation adopted*, 2015 WL 10911508 (S.D. Fla. Oct. 14, 2015) (J. Dimitrouleas). This practice prevents the Court from assessing the time spent on each discrete task and thus, the reasonableness of the fees sought. *See Bank*, 2015 WL 10911507, at *5. On December 6, 2021, Mr. Schulz billed 5.2 hours for the following:

> [T]elephone conference with A. Rose; work on drafting and revising response to Maraist Law's notice of striking or withdrawing its notice of voluntary dismissal; work on revising rule 11 motions; review courts order denying Maraist laws motion for rehearing.

ECF No. 146-2 at 10. Maraist argues that the maximum permissible fee for this entry is $600 (based on 1.5 hours of work). ECF No. 153 at 9. On February 23, 2022, Mr. Schulz billed 1.7 hours for:

> [R]eview and analyze judge's order dismissing all claims for non-state defendants; draft e-mail correspondence to J. Cowen; telephone conference with A. Rose; draft letter to Florida Bar counsel regarding dismissal of federal lawsuit.; review court order referring Rule 11 motion to federal district court magistrate.

ECF No. 146-2 at 13. Maraist argues that the maximum permissible fee for this entry is $40 (based on 0.1 hours of work). ECF No. 153 at 10.

14

The tasks identified in these entries largely relate to matters other than the Sanctions Motion and it is impossible for the Court to determine the amount of time expended on each task. Because the Court cannot determine the amount of time expended on compensable tasks, Mr. Schulz has failed to meet his burden to demonstrate that his hours are reasonable. *See Puente*, 2019 WL 3428521, at *4 (citations omitted). Accordingly, I recommend that these time entries be excluded from the sanctions award. *See Miller's Ale House, Inc. v. Boynton Carolina Ale House, LLC*, No. 09-80918-CIV, 2011 WL 13108095, at *3 (S.D. Fla. Apr. 7, 2011) (J. Johnson) ("If a fee request contains improper block billing, courts may either reduce the requested hours or eliminate block billed entries altogether.") (citations omitted), *report and recommendation adopted*, 2011 WL 13108071 (S.D. Fla. Sept. 19, 2011) (J. Marra); *see also In re Chiquita Brands Int'l Inc. Alien Tort Statute & S'holders Derivative Litig.*, No. 08-01916-MD, 2020 WL 7388884, at *4 (S.D. Fla. Apr. 30, 2020) (J. Marra) (excluding a block billing entry from a fee award because it included both compensable time and non-compensable time).

### iii. Objections to Allegedly Excessive Entries

On January 10, 2022, Mr. Schulz billed 0.7 hours for "revise and file rule 11 motion for sanctions against Maraist Law; telephone conference with A. Rose regarding filing the joint motion for rule 11 sanctions." ECF No. 146-2 at 11. Maraist argues that this time entry is excessive and redundant because the motion referenced in the time entry was the same motion that was sent to him on December 6, 2021. ECF No. 153 at 9. This time entry is not excessive or redundant. The Court required

15

the Non-State Defendants to file motions jointly. It was reasonable for Mr. Schulz to discuss the Sanctions Motion with Mr. Rose before filing and the time spent discussing and filing the motion is reasonable. Accordingly, I recommend that this time entry be included in the sanctions award.

Maraist next argues that Mr. Schulz's time on January 24, 2022, should be reduced because it is excessive. ECF No. 153 at 9. The time entry bills 0.3 hours for "review email received from Maraist Law requesting 21-day extension to file a response to joint Rule 11 motion; telephone conference with A. Rose regarding Maraist Law email; draft response to Maraist Law's email." ECF No. 146-2 at 11-12. Maraist proposes the entry be limited to 0.1 hours. I agree with Maraist that 0.3 hours is excessive considering Mr. Schulz was responding to a simple request for an extension of time to respond to a motion. I recommend including this time entry in the sanctions award for the reduced time of 0.1 hours.

Finally, Maraist argues that the 6.5 hours Mr. Schulz billed on February 7-9, 2022, should be excluded from the sanctions award because the hours are (1) excessive and (2) relate to the Non-State Defendants' reply to the Sanctions Motion, which Maraist argues was not timely. ECF No. 153 at 10. The untimeliness of the reply, without more, is not a basis to categorically exclude Mr. Schulz's time prosecuting the Sanctions Motion. I considered and cited to the reply in the Report and Recommendation. ECF No. 137 at 10-11. The time Mr. Schulz billed to review Maraist's opposition to the Sanctions Motion and prepare a reply in support of the

16

motion was reasonable. Thus, I recommend including these hours in the sanctions award.

  c. Lodestar Amount

| Attorney | Hourly Rate | Reasonable Hours | Fees Awarded |
|---|---|---|---|
| Dawn Kelly | $325.00 | 12.6 | $4,095.00 |
| Michael Kranz | $275.00 | 0.5 | $137.50 |
| Alan Rose | $595.00 | 6.4 | $3,808.00 |
| Timothy Schulz | $400.00 | 15.9 | $6,360.00 |
| **TOTAL FEES AWARDED** | | | $14,400.50 |

  d. Ability to Pay

The Eleventh Circuit requires district courts to consider the sanctioned parties' financial ability when awarding sanctions. *Baker v. Alderman*, 158 F.3d 516, 529 (11th Cir. 1998). "A party arguing that it is unable to pay has the burden to present evidence of ability to pay." *Maale v. Kirchgessner*, 2012 WL 2254083, at *6 (citing *Baker*, 158 F.3d at 528). In assessing the appropriate sanction for Maraist's Rule 11 violation, I considered its ability to pay. Maraist did not submit any evidence that indicates that Mr. Maraist or Maraist Law Firm, P.A. are not able to pay the sanction award.[8] Therefore, the sanction award should not be adjusted to accommodate an inability to pay.[9]

---

[8] Maraist's response to the Motion attached an affidavit, but the affidavit did not comment on its ability to pay the sanctions award.

[9] Notably, the recommended sanction amount is significantly less than the amount requested in the Motion.

## **REPORT AND RECOMMENDATION**

Accordingly, this Court **RECOMMENDS** that the District Court grant in part and deny in part the Non-State Defendants' Supplemental Motion in Connection with this Court's Order Awarding Rule 11 Sanctions (ECF No. 146). I recommend the District Court award Nantucket, Mr. Abruzzo, and Mr. Rose $8,040.50 in reasonable attorneys' fees as a Rule 11 sanction jointly and severally against Patrick Maraist, Esq. and Maraist Law Firm, P.A. I further recommend the District Court award PB Hotel and Mr. Schulz $6,360.00 in reasonable attorneys' fees as a Rule 11 sanction jointly and severally against Patrick Maraist, Esq. and Maraist Law Firm. P.A.

## NOTICE OF RIGHT TO OBJECT

A party shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Aileen M. Cannon, United States District Court Judge for the Southern District of Florida, within **FOURTEEN (14) DAYS** of being served with a copy of this Report and Recommendation. Failure to timely file objections shall constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions." 11th Cir. R. 3-1 (2016).

**If counsel do not intend to file objections, they shall file a notice advising the District Court within FIVE DAYS of this Report and Recommendation.**

**DONE and SUBMITTED** in Chambers at West Palm Beach, Palm Beach County, in the Southern District of Florida, this 4th day of April 2023.

_____

BRUCE E. REINHART
UNITED STATES MAGISTRATE JUDGE